[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14158
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00141-RBD-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEANDARIUS SAVAGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 29, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Seandarius Savage appeals the denial of his motion for a judgment of acquittal for using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking offense. *See* 18 U.S.C. § 924(c)(1)(A). Savage argues that the government failed to prove that he knew there was a firearm in his vehicle and that he planned to use the firearm to advance his drug trafficking. We affirm.

To obtain a conviction under section 924(c)(1)(A), the government must prove that "during and in relation to . . . any drug trafficking crime . . ., [the defendant] use[d] or carrie[d] a firearm, or . . . in furtherance of any such crime, [he] possesse[d] a firearm." 18 U.S.C. § 924(c)(1)(A). A defendant can "carry" a firearm in violation of section 924(c)(1)(A) by "convey[ing] [it] in a vehicle," *Muscarello v. United States*, 524 U.S. 125, 127 (1998), to serve "some purpose or effect with respect to the drug trafficking crime," *Smith v. United States*, 508 U.S. 223, 238 (1993). For a defendant's possession of a firearm to be "in furtherance of" a drug trafficking crime, there must be "some nexus between the firearm and the drug selling operation." *United States v. Molina*, 443 F.3d 824, 829 (11th Cir. 2006) (quoting *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002)). That nexus "can be established by accessibility of the firearm, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* at 829–30 (internal quotation marks, citation, and ellipses omitted).

2

The district court did not err by denying Savage's motion for a judgment of acquittal. Testimony from state and federal agents about the discovery of drugs and a firearm in Savage's vehicle and Savage's statements provided sufficient evidence that Savage carried or possessed a firearm to facilitate drug trafficking. Savage and his passenger abandoned his vehicle, which reeked of marijuana, and entered a nearby house while ignoring the lights and siren that Corporal Aubury Caffey of the Montgomery Police Department had activated in his patrol car. Corporal Caffey approached Savage's vehicle and saw through a window approximately $2,000 in currency strewn over a book bag that was lying in the passenger seat, two pill bottles sitting in the cup holder located between the driver's and passenger's seats, and the handle of a Glock semiautomatic pistol protruding from under the passenger seat. When questioned at the police station by Sergeant Benjamin Schlemmer, and during an initial interview with Agent John Murray of the Federal Bureau of Investigation, Savage claimed the marijuana and currency but disclaimed any knowledge of the pistol. When interviewed a second time by Agent Murray, Savage "took responsibility" for the pistol. Sergeant Schlemmer also provided expert testimony that drug dealers keep weapons on hand to protect their drugs and money. The jury was entitled "to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *Molina*,

443 F.3d at 828. Based on Savage's statements and the proximity of the firearm to the drugs and currency inside his vehicle, a reasonable jury could have found that Savage was carrying, *see Muscarello*, 524 U.S. at 127, or possessed, *see Molina*, 443 F.3d at 829, the Glock pistol to guard the drugs and related drug proceeds.

We **AFFIRM** Savage's conviction.